UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ALAN LEHMAN,                                        :

                    Plaintiff,            :

        -against-                              :

PAUL GARFINKLE,                                  :

             Defendants.        :
-------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _3/7/13_

08 Civ. 9385 (SHS) (DF)

**REPORT AND
RECOMMENDATION**

**TO THE HONORABLE SIDNEY H. STEIN, U.S.D.J.:**

      Currently before the Court is a submission (Dkt. 36), filed by *pro se* defendant

Paul Garfinkle ("Garfinkle") and styled as a motion to dismiss the Amended Complaint of *pro se*

plaintiff Alan Lehman ("Lehman").  For the reasons stated below and in this Court's separate

Memorandum and Order of this date, a copy of which is attached, I recommend that Garfinkle's

submission (a) be construed, in relevant part, as a motion to dismiss the Amended Complaint

under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon

which relief may be granted, and (b) as the Amended Complaint adequately states claims for

relief against Garfinkle, the motion be denied as without merit.  I further recommend that, as the

parties have represented to this Court that neither needs any further discovery in order to

proceed, Garfinkle be directed to file an answer to Plaintiff's Amended Complaint, and a

schedule be set for summary judgment motions and/or trial.

## BACKGROUND

      As set out more fully in the attached Opinion, Lehman moved to amend his Complaint

against Garfinkle on October 4, 2012, and Garfinkle filed a hybrid submission on October 29,

2012, both opposing Lehman's motion and moving to dismiss the proposed amended pleading,

should it be accepted by the Court. (*See* Defendant's Motion to Dismiss Plaintiff's First Amended Complaint with Prejudice, dated Oct. 29, 2012 (Dkt. 36).)

By Memorandum and Order of this date, this Court granted Lehman's motion to amend, to the extent he sought to add a claim against Garfinkle for accounting malpractice, pleaded in the alternative to his previously-existing claim of legal malpractice. (*See* attached.)  The Court did not allow Lehman to replead any claims against Garfinkle (or any other defendant) that the Court had previously dismissed as defective.  Accordingly, the operative pleading in this case now asserts three claims, and only three claims, against Garfinkle:  claims for damages based on legal and accounting malpractice, and a claim for injunctive relief.

To the extent Garfinkle's opposition submission can be construed as a motion to dismiss Lehman's amended pleading, the Court would be entirely justified in denying the motion as procedurally defective, given that, at the time of Garfinkle's submission, the Court had not yet accepted the amended pleading for filing.  Nonetheless, it seems likely that, if the Court were to deny Garfinkle's motion to dismiss without prejudice, as premature, Garfinkle would seek to refile it, raising the same grounds as he has already set forth.  Given both the age of this case, and the fact that ensuring the *pro se* litigants' compliance with all of the rules of the Court has consistently been difficult, I recommend that the Court proceed to consider Garfinkle's motion to dismiss the Amended Complaint as if it had been properly filed.  I further recommend that the motion to dismiss be denied as without merit.

## DISCUSSION

### A.   APPLICABLE LEGAL STANDARDS

As set forth in two of this Court's prior Reports and Recommendations (Dkts. 17, 26), a complaint is subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure where the pleading is not legally sufficient to state a claim upon which relief can be granted. *See Kopec v. Coughlin*, 922 F.2d 152, 155 (2d Cir. 1991). In deciding a Rule 12(b)(6) motion, the Court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the [plaintiff]," *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007) (citation omitted), and, further, the Court must construe the plaintiff's allegations liberally where he is proceeding *pro se, see, e.g., Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (collecting authority); *Hughes v. Rowe*, 449 U.S. 5, 10 (1980) (a *pro se* party's pleadings must be liberally construed in his favor and are held to a less stringent standard than the pleadings drafted by lawyers). Of course, even plaintiffs who are proceeding *pro se* "must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Bisson v. Martin Luther King Jr. Health Clinic*, No. 07-5416, 2008 U.S. App. LEXIS 23977, at *2 (2d Cir. Nov. 20, 2008) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).

### B.   GARFINKLE'S MOTION TO DISMISS THE AMENDED COMPLAINT

#### 1.   Lehman's Claims for Legal Malpractice and Injunctive Relief

Garfinkle previously moved to dismiss Lehman's claims for legal malpractice and injunctive relief, and the Court denied that motion. (*See* Dkt. 28.) Lehman has not materially altered either of these claims in his Amended Complaint, and Garfinkle has not materially altered his arguments for dismissal. As the Court's prior decision is law of the case, it should

3

not be revisited, and Garfinkle's current request to dismiss these claims should simply be denied without further review. *See DiLaura v. Power Auth. of State of New York*, 982 F.2d 73, 76 (2d Cir. 1992) ("The law of the case doctrine 'posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988))); *see also Int'l Ore & Fertilizer Corp. v. SGS Control Servs., Inc.*, 38 F.3d 1279, 1287 (2d Cir. 1994) ("[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.") (citation omitted)).

### 2.    Lehman's New Claim for Accounting Malpractice

Lehman's one new claim asserts that Garfinkle committed accounting malpractice.  In the attached Opinion, this Court determined that it would not be "futile" to allow Lehman to assert such a claim because the claim, as proposed, was facially sufficient to satisfy the elements of accounting malpractice under applicable Florida law. (*See* attached Opinion, at Discussion II(B).)  For the same reasons, the claim is facially sufficient to survive Garfinkle's challenge under Rule 12(b)(6). *See, e.g., Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (holding that the test for "futility" of amendment is whether the proposed new claim would be able to withstand a motion to dismiss under Rule 12(b)(6)).  Accordingly, Garfinkle's motion to dismiss should be denied in its entirety, for lack of merit.

This Court notes, however, that part of Garfinkle's challenge to Lehman's claims – both his new accounting-malpractice claim and his original legal-malpractice claim – is based on evidence outside the pleading.  I do not recommend that Garfinkle's motion be converted to one for summary judgment, under Rule 12(d), as the evidence has not been submitted in admissible form; Garfinkle has provided no Local Rule Rule 56.1 statement of material, undisputed facts;

4

and Garfinkle has not been put on notice, as required by the Court's Rules, of the need to respond to the motion with evidentiary submissions of his own. I therefore recommend that, if Garfinkle wishes to oppose the Amended Complaint on evidentiary grounds, he be directed to file an answer to Lehman's pleading, and then to file an appropriately supported motion for summary judgment.

## CONCLUSION

For all of the foregoing reasons, I respectfully recommend that the Court construe Garfinkle's October 29, 2012 submission (Dkt. 36) as not merely an opposition to Lehman's motion to amend, but also as a motion to dismiss the Amended Complaint; that the motion to dismiss be accepted for consideration even though procedurally defective; and that it be denied on its merits. I further recommend that Garfinkle be directed to file an answer to the Amended Complaint (responding to all paragraphs of that pleading except those identified in the attached Memorandum and Opinion, at 17, which relate solely to previously-dismissed claims), and that the Court set a schedule for summary judgment motions and/or trial.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6 (allowing 3 additional days for service by mail). Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Sidney H. Stein, United States Courthouse, 500 Pearl Street, Room 1010, New York, New York 10007, and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, Room 1660, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Stein. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL

RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.

*See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*,

9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir. 1992);

*Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988)*; McCarthy v. Manson,* 714 F.2d 234,

237-38 (2d Cir. 1983).

Dated: New York, New York
      March 7, 2013

                                 Respectfully Submitted,

                                 DEBRA FREEMAN
                                 United States Magistrate Judge

Copies to:

The Honorable Sidney H. Stein, U.S.D.J.

Mr. Alan Lehman
127 W. 82nd St., Apt. 8A
New York, NY  10024

Mr. Paul Garfinkle
5629 American Circle
Delray Beach, FL 33484

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
ALAN LEHMAN,                                        :

                                      Plaintiff,    :        08 Civ. 9385 (SHS) (DF)

                  -against-                         :        **MEMORANDUM AND
                                                             ORDER**
PAUL GARFINKLE,                                     :

                                      Defendants.   :
---------------------------------------------------------X

**DEBRA FREEMAN, United States Magistrate Judge:**

Before the Court is a motion brought by *pro se* plaintiff Alan Lehman ("Lehman"),

seeking leave to amend his Complaint to plead a claim of accounting malpractice, as an

alternative to his existing claim of legal malpractice, against *pro se* defendant Paul Garfinkle

("Garfinkle"). For the reasons set forth below, the motion to amend (Dkt. 37) is granted, for the

sole purpose of permitting Lehman to add the accounting-malpractice claim.[1]

<b>BACKGROUND</b>

A.      **Factual Background**

In a series of three prior Reports and Recommendations (Dkts. 17, 19, and 26),

familiarity with which is assumed, this Court has described, in some detail, the full factual

background of this dispute. Much of the Court's prior summaries of the facts, however, is either

not relevant, or only tangentially relevant, to the pending motion to amend. At this point, the

---

[1] Nothing in this Order should be construed as allowing Lehman to replead any claims
that were already dismissed by the Court, including additional claims against Garfinkle or any
against other previously-named defendants. Although the proposed Amended Complaint still
appears to assert such additional claims, it does not cure the defects previously identified by the
Court (*see* Dkts. 17, 18, 19, and 20), and, in a conference with this Court, Lehman has confirmed
that, in moving to amend, his sole intention was to seek leave to add the accounting-malpractice
claim against Garfinkle, not to revisit any of the Court's prior rulings regarding other claims or
defendants.

case has essentially been pared down to allegations by Lehman that, in giving him incorrect tax advice and intentionally preparing a false tax return for him (apparently for the 2007 tax year), Garfinkle committed legal and/or accounting malpractice. (*See* Corrected Complaint, filed July 31, 2009 (Dkt. 15), ¶¶ 61-66; Proposed First Amended Complaint, dated Oct.4, 2012 ("Proposed Am. Compl.") (Dkt. 37), ¶¶ 61-66.)

With respect to these claims, Plaintiff now seeks to allege, in his Amended Complaint, that Garfinkle, while purporting to act as both Lehman's attorney and certified public accountant, intentionally defrauded Lehman into making two investments, each of which provided a benefit to Garfinkle, but were to the detriment of Lehman. (*See id.* ¶¶ 62-64.)

As to the first investment, Plaintiff asserts that, in either 2006 or 2007, Garfinkle induced him to purchase a "four . . . . unit condominium complex in Newburgh, New York" (the "Newburgh Property"), for an amount unspecified in the proposed pleading, by misadvising Lehman that, should Lehman purchase the Newburgh Property, Lehman could then use it as a "tax shelter." (*See id.* ¶ 16.) Garfinkle, however, acting as Lehman's accountant, allegedly failed to make use of a certain tax "mechanism" in the transaction by which Lehman purchased the Newburgh Property. (*See id.* ¶¶ 27-34, 60-66.) Consequently, despite Garfinkle's representations to the contrary, Lehman claims to have been precluded from legally using the Newburgh Property as a tax shelter. (*See id.*)

As to the second investment, Plaintiff alleges that, in 2007, Garfinkle induced him to invest $250,000 in a real estate development project located in Hancock County, Mississippi (referred to by Lehman as "Waveland"), by misrepresenting to Lehman that, if he were to invest in Waveland, he would obtain "significant [f]ederal tax benefits" (*see id.* ¶ 13), at least a 50% ownership interest in Waveland (*see id.* ¶ 14), and "up to $400,000" upon the closing of the

2

loans to finance Waveland (*see id*. ¶ 18).  Lehman claims that, although he proceeded to invest $250,000 in Waveland, as Garfinkle had advised him to do, he realized none of these promised benefits.  (*See id*. ¶ 32.)  Lehman has allegedly sent two letters to Garfinkle demanding that Garfinkle return his investment in Waveland to him, but Garfinkle has neither returned that money to Lehman nor responded to either letter.  (*See id*. ¶¶ 34-35.)  Lehman asserts that, at the time he filed his proposed Amended Complaint, he was uncertain as to what had ultimately happened to his $250,000 investment in Waveland and who actually owned Waveland.  (*See id*. ¶¶ 32-35, 60-66.)

Lehman's allegations suggest that his investments in both the Newburgh Property and Waveland were part of an overall strategy that he had been advised to follow by Garfinkle, who held himself out to Lehman as – and gave advice in the capacity of – an attorney and/or an accountant.  (*See id*. ¶¶ 13-29.)  Garfinkle purportedly advised Lehman that, if Lehman were to invest in Waveland (which, at that time, was supposedly held, at least in part, by Garfinkle), then Lehman would be "credited $150,000 for his potential loss on the sale of . . . [the Newburgh Property]."  (*See id*. ¶ 17.)  Lehman claims that, notwithstanding his $250,000 investment in Waveland, he never received the "$150,000 credit" that Garfinkle had promised him.  (*See id*. ¶¶ 27-34, 60-66.)

Finally, Lehman alleges that, as his accountant, Garfinkle prepared "a fraudulent tax return" on behalf of Lehman, and failed "to correctly advise [Lehman] of the consequences of the entries reported on his tax returns," thereby causing Lehman to have incurred tax related liabilities (apparently for the 2007 tax year) "in an amount in excess of $500,000."  (*See id*. ¶ 65.)

3

B.     **Procedural History**

This case has a long procedural history, made longer by the fact that no party herein has

ever appeared through counsel in this Court, and the parties who have appeared *pro se* have

evinced difficulty in understanding how to proceed with the litigation.  The history of the case,

to date, is briefly summarized below:

1.     **Lehman's Original Complaint**

Originally, Lehman brought this action against several defendants, including Garfinkle

(*see* Corrected Complaint, filed July 31, 2009 ("Complaint" or "Compl.") (Dkt. 15)), but

Garfinkle and the two corporate defendants (Key Tec International, Inc. ("Key Tec") and

Spanish Gates, LLC ("Spanish Gates")) did not appear.  The defendants who *did* appear –

Anthony Lawland ("Lawland"), Steve Bazuly ("Bazuly"), and Richard Kern ("Kern") – moved

to dismiss the claims against them, and, following my Report and Recommendation of

August 24, 2009 (Dkt. 17), the Court issued an Order on September 16, 2009 (Dkt. 18),

dismissing all claims against Lawland, Bazuly, and Kern, without prejudice to Lehman's

amending the Complaint to plead facts sufficient to state viable claims against these defendants.

Subsequent to the Court's September 2009 Order, Lehman moved for a default judgment

against Garfinkle, Key Tec and Spanish Gates.  With respect to that motion, I issued a second

Report and Recommendation on March 1, 2010 (Dkt. 19[2]), recommending that, despite

Garfinkle's failure to appear, the Court dismiss, *sua sponte*, most of the claims against him, on

the ground that they suffered from the same pleading defects as the already-dismissed claims

against the other individual defendants.  I did recommend, however, that the Court enter a

---

[2] This Report and Recommendation was misdated as March 1, 2009; it was actually issued March 1, 2010.

4

default judgment against Garfinkle as to Lehman's asserted Fifth Cause of Action, as, construed

liberally, that claim was sufficient to plead that Garfinkle had committed legal malpractice,

under New York law.[3]  As to Key Tec and Spanish Gates, I recommended that Lehman's motion

for a default be denied without prejudice to renew, upon a showing that service had been

properly effected on these corporate entities.

On March 6, 2010, Garfinkle proceeded to file what appeared to be a motion to dismiss

Lehman's claims against him, but, in an Order dated March 16, 2010 (Dkt. 20), the Court

construed Garfinkle's papers as an objection to the March 1 Report and Recommendation.  In

any event, given that Garfinkle was apparently seeking to defend the case, the Court, in its

March 16 Order, adopted all aspects of my recommendation, except insofar as I had

recommended that a default judgment be entered against Garfinkle on the legal malpractice

claim.  Rather, the Court directed Garfinkle to serve a proper motion to dismiss the Complaint,

by April 9, 2010.

At that point, Garfinkle filed a new motion to dismiss both the legal malpractice claim

and also a claim that Lehman had asserted against him for injunctive relief.  In a third Report and

Recommendation (Dkt. 26), I recommended that Garfinkle's motion be denied in its entirety,

and, by Order dated November 15, 2010, the Court adopted that recommendation (Dkt. 28).

Thus, the case was supposed to proceed solely on Lehman's claims against Garfinkle for legal

malpractice (for which Lehman sought money damages) and for injunctive relief.

---

[3] This Court later determined that Florida law should govern Lehman's claims against
Garfinkle.  (*See* Dkt. 26.)

## 2.    The Proposed Amended Complaint

After the Court's November 2010 ruling, Lehman apparently did little to prosecute this action. Finally, recognizing that the proceedings had stalled, this Court held a conference and set a discovery schedule. (Dkt. 30.) As part of that schedule, the Court ordered that any motions to amend the pleadings were to be served and filed no later than February 29, 2012, and set April 30, 2012, as the deadline for the close of all fact discovery. (Dkt. 30.) Once again, however, the parties did little, and Lehman did not file a motion to amend by the February 2012 deadline.

By letter dated February 3, 2012, Lehman requested an extension of the fact discovery deadline. Then, in May 2012 -- nearly three months after the deadline for moving to amend – Lehman wrote to the Court again, stating that he had just learned that he might have an accounting-malpractice claim against Garfinkle, that he thought this might be a more "appropriate" claim for him to pursue than legal malpractice, and that he wished to "replace [his] initial pleading of legal malpractice" against Garfinkle with "a pleading of accountant malpractice." (Dkt. 31.) At the same time, Lehman requested additional time for discovery, in particular so that he could obtain, from the Internal Revenue Service, a copy of the 2007 tax return that he claimed Garfinkle had filed for him – a document Lehman had been unable to obtain from Garfinkle himself. (*See id.*)

After hearing from the parties at a conference on September 4, 2012, the Court determined, largely because of the *pro se* status of both parties, that discovery (which, by then, was supposed to have closed) should be reopened, and that Lehman should be afforded a further opportunity to seek leave to amend his pleading. (*See* Dkt. 33.) Subsequently, Lehman tried,

6

repeatedly, to amend his Complaint, and, when he demonstrated confusion with the process, the Court repeatedly set new deadlines. (*See id.*; *see also* Dkt. 35.)

 Finally, after a number of false starts, on October 4, 2012, Lehman filed the Motion to Amend that is now before this Court. (Plaintiff Alan Lehman's Notice of Motion and Motion for Leave to File First Amended Complaint, dated Oct.4, 2012 (Dkt. 37).) In his proposed Amended Complaint, Lehman includes an accounting-malpractice claim against Garfinkle, pleaded in the alternative to Lehman's previously asserted legal-malpractice claim (*see* Proposed Am. Compl., ¶¶ 60-66). Lehman also includes, once again, a claim for injunctive relief, seeking to prevent Garfinkle from accessing certain funds pending the trial of this matter. (*See id.* ¶¶ 67-73.)[4]

 On October 29, 2012, Garfinkle opposed Lehman's motion to amend in a hybrid submission styled as a "motion to dismiss" the proposed amended pleading. (*See* Defendant's Motion to Dismiss Plaintiff's First Amended Complaint with Prejudice, dated Oct. 29, 2012, 2012 ("Def. Mem.") (Dkt. 36).) In that submission, Garfinkle raises arguments that seem plainly addressed to the question of whether leave to amend should be granted (*see, e.g.*, Def. Mem., at 9, 10 (arguing that the amendment was untimely)), and also arguments that seem, just as plainly, addressed to whether claims should be dismissed (*see, e.g.*, *id.* 9-10 (asserting that, because Lehman "fail[s] to plead the four essential elements of a professional malpractice

---

 [4] As noted above (*see supra*, at n.1), in his proposed Amended Complaint, Lehman also includes – without modification – additional claims that he had pleaded in his initial Complaint, but that were dismissed. (*See* Proposed Am. Compl., at 10-14, purporting to assert claims for breach of contract, negligent and intentional misrepresentation, and fraud in the inducement; *see also* Dkt. 20 (dismissing such claims).) As it has already been determined that none of these claims can stand, as pleaded, this Court will not address them in this Order, other than to note that they remain stricken.

claim," Lehman's accounting-malpractice claim and legal-malpractice claims should be dismissed with prejudice)).

In that portion of his submission that, liberally construed, opposes the proposed amendment, Garfinkle not only contends that Lehman's motion is untimely and that Lehman has not shown "good cause" for his delay (*see id*. at 9), but also impliedly argues that permitting Lehman's proposed amendment (*i.e.*, his proposed new claim for accounting malpractice) would be futile because the elements of such a claim have not been adequately pleaded, with sufficient specificity (*see id*. at 10). In this regard, Garfinkle argues, *inter alia*, that, although the proposed Amended Complaint alleges that he "gave Lehman incorrect . . . tax advi[c]e and prepared a false tax return," Lehman has "fail[ed] to plead what incorrect . . . tax advi[c]e [he] gave to Lehman and in what manner the tax return was false." (*Id.* at 2.) Garfinkle also argues that, although Lehman seeks to plead that Garfinkle caused him "to incur liabilities for Federal and state taxes; for interest; and for accuracy and fraud[-]related penalties," Lehman does not set forth whether the tax return in question "had been audited by the respective taxing authorities, and[,] if audited, the results of such audits and the reasons for any disallowances, and penalties and whether Lehman would have been liable to tax liabilities in the absence of any tax advi[c]e which Garfinkle allegedly gave to [him]." (*Id.*) Garfinkle further argues that, while Lehman seeks to allege that he has been injured by Garfinkle's actions, he fails to "set[] forth with specificity that basis for his claims." (*Id.*)

In addition, Garfinkle states, in unsworn papers and without evidentiary support, that he only prepared Lehman's tax return for 2006; that he has no knowledge as to whether Lehman and his wife filed that return in the form in which it was prepared; and that, while he began the process of preparing Lehman's 2007 tax return, Lehman refused to pay an amount due for "tax

preparation services," and thus Garfinkle "refused to complete the return." (*Id.*)  Thus, Garfinkle

asserts that "if Lehman did in fact file a 2007 tax return[,] it was prepared for Lehman by

someone other than Garfinkle." (*Id.*)

To date, Lehman has not filed a reply to Garfinkle' submission.

## DISCUSSION

I.     **APPLICABLE STANDARDS**

A.     **Rule 15**

Rule 15(a) of the Federal Rules of Civil Procedure provides that the Court "should freely

give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a).  An

application to amend a pleading under Rule 15(a) should be denied, however, "if there is an

'apparent or declared reason — such as undue delay, bad faith or dilatory motive . . . , repeated

failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

party by virtue of the allowance of an amendment, [or] futility of amendment.'" *Dluhos v.

Floating and Abandoned Vessel Known as "New York,"* 162 F.3d 63, 69 (2d Cir. 1998) (quoting

*Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)); accord, *Richardson

Greenshields Sees., Inc. v. Lau,* 825 F.2d 647, 653 n.6 (2d Cir. 1987) (citation omitted).

An amendment is futile when the proposed new allegations would not state a viable

claim, and thus the new claim would not withstand a motion to dismiss under Rule 12(b)(6) of

the Federal Rules of Civil Procedure. *See Milanese v. Rust-Oleum Corp.,* 244 F.3d 104, 110 (2d

Cir. 2001); *see also Twisted Records, Inc. v. Rauhofer,* No. 03 Civ. 2644 (DF), 2005 U.S. Dist.

LEXIS 3313, at *21 (S.D.N.Y. Mar. 3, 2005) (noting that the court may deny leave to amend

where the claim to be added would fail to state a claim upon which relief may be granted);

*Posr v. NY. State Court Officer,* No. 96 Civ. 5200 (CLP), 2006 U.S. Dist. LEXIS 13934, at

9

\*63-64 (E.D.N.Y. Mar. 13, 2006) (denying motion to amend because plaintiff failed to state a claim for which relief could be granted on "the facts alleged in the proposed amended complaint"). Thus, if the proposed amended complaint would be subject to "immediate dismissal" for failure to state a claim or on some other ground, the Court will not permit the amendment. *Jones v. New York State Div. of Military & Naval Affairs*, 166 F.3d 45, 55 (2d Cir. 1999).

### B.     Rule 16

In this case, however, Rule 15(a) does not provide the sole standard for this Court's analysis of Plaintiff's motion to amend, given that the motion was filed on October 10, 2012 (*see* Dkt.37), approximately seven months after the motion deadline set by this Court (*see* Dkt. 30 ("Any motions to amend the pleadings or to join additional parties shall be served and filed no later than February 29, 2012.")). Under the circumstances, Rule 16(b) of the Federal Rules of Civil Procedure is also implicated.

Rule 16(b) requires the Court to enter a scheduling order that sets a deadline for motions to amend the pleadings, *see* Fed. R. Civ. P. 16(b)(1), (3)(A), and then dictates that the schedule "may be modified only for good cause," Fed. R. Civ. P. 16(b)(4). The purpose of Rule 16(b) is "to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339-40 (2d Cir. 2000) (internal citations and quotation marks omitted). Thus, where a scheduling order has been issued that fixes a deadline for asserting additional claims, a party seeking leave to amend its pleading after the expiration of the deadline must show "good cause" to modify the scheduling order. *See id.* at 339-41 ("[D]espite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the

10

deadline set in the scheduling order where the moving party has failed to establish good cause");
*see also New Yuen Fat Garments Factory Ltd. v. August Silk, Inc.*, No.07 Civ. 8304 (JFK), 2009
U.S. Dist. LEXIS 45857, at *6-9 (S.D.N.Y. Jun. 1, 2009).  Good cause in this context "depends
on the diligence of the moving party," *Parker*, 204 F.3d at 340, and, to satisfy the standard, the
movant must demonstrate that it has been diligent in its efforts to meet the Court's deadlines, *see
Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003).  In other words, the party must
show that, despite its having exercised diligence, the applicable deadline could not have been
reasonably met. *Rent-A-Center Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104
(S.D.N.Y. 2003); *see also Parker*, 204 F.3d at 340.

Examples of a party's failure to act with sufficient diligence include basing a proposed
amendment on information that the party knew, or should have known, in advance of the
deadline. *Parker*, 204 F.3d at 340 (citing *In re Milk Products Antitrust Litigation*, 195 F.3d 430,
437 (8th Cir. 1999); *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998);
*Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992)); *see also Estate of
Ratcliffe v. Pradera Realty Co.*, No. 05 Civ. 10272 (JFK), 2007 U.S. Dist. LEXIS 78070, at *11
(S.D.N.Y. Oct. 19, 2007) (finding good cause standard satisfied where the moving party based
its proposed amendment on evidence discovered subsequent to the expiration of the discovery
deadline).

Thus, to be entitled to amend his pleading to assert any claims or new allegations not
raised by the amendment deadline, Lehman must first show good cause for his failure to meet
that deadline.  Only if he is able to do so, would the Court need to consider whether the proposed
amendment would be futile, unduly prejudicial, or otherwise improper based on the Rule 15(a)

11

standards that otherwise govern motions to amend.  *See Parker*, 204 F.3d at 340; *Estate of Ratcliffe*, 2007 U.S. Dist. LEXIS 78070, at *11.

## II.   **PLAINTIFF'S PROPOSED AMENDMENT**

### A.   **"Good Cause" for Excusing the Untimeliness of Lehman's Motion To Amend**

Effectively invoking Rule 16(b), Garfinkle objects to Lehman's motion to amend on the principal ground that Lehman "failed to file his First Amended Complaint within a reasonable period time without good cause."  (*See* Def. Mem., at 9.)  On the question of "good cause," Lehman asserts the following, on his motion:

> In conducting a recent Google search on the defendant,
> Mr. Garfinkle, I learned that Mr. Garfinkle had been disbarred in
> 1982.  I came across Mr. Garfinkle's own Declaration in US
> Bankruptcy Court in the Southern District of Florida . . . after
> being found guilty of conspiracy, mail fraud, and aiding the filing
> of false tax returns and serving a year in jail, Mr. Garfinkle lost his
> license to practice law.
>
> Learning of this fact and realizing that Mr. Garfinkle primarily
> worked for me as an accountant and business advisor, as well as by
> offering legal advice, I searched online and found, which I hadn't
> realized previously, that one can make a specific claim for
> accountant malpractice.

(Plaintiff Alan Lehman's Affirmation in Support of Motion for Leave to File First Amended Complaint, dated Oct.4, 2012 ("Pl. Mem.") (Dkt. 37), ¶¶ 5-6.)

Essentially, Lehman is arguing that learning of Garfinkle's disbarment led him to do further research and to discover that, on the same core facts as he already pleaded, he might have an alternative legal claim.  This is not the type of "new evidence" that, standing alone, has been held sufficient to demonstrate a plaintiff's "diligence" in advancing his claims.  *See, e.g., Estate*

*of Ratcliffe*, 2007 U.S. Dist. LEXIS 78070, at * 8-11.  Nonetheless, the Court finds that, on

balance, Lehman has now done enough to satisfy Rule 16(b)'s "good cause" requirement.

Weighing heavily in the Court's consideration is the fact of Lehman's *pro se* status, and

the apparent difficulty he has had in trying to comply with the Court's orders and instructions.

The extent of his diligence should be viewed in light of these facts.  *See Spratt v. Verizon*

*Commc'ns Inc.*, No. 11 Civ. 273 (AJN), 2012 U.S. Dist. LEXIS 180394, at *6-7

(S.D.N.Y. Dec. 20, 2012) (noting, in context of a Rule 16(b) inquiry, that while plaintiff's *pro se*

status did not "excuse him from the procedural rules of this Court, it [did] entitle him to special

solicitude").

Also influencing the Court's decision is the fact that Lehman has now, under penalty of

perjury, articulated the discovery of at least some new information that made him seek to amend

his pleading after the original amendment deadline had passed.  On this point, the Court notes

that, while Garfinkle accuses Lehman of "falsely represent[ing] to the Court that he lacked

knowledge of Garfinkle's prior disbarment" (*see* Def. Mem, at 9-10), Garfinkle provides no

support for this conclusory accusation, and the Court has no reason to believe that Lehman has

lied to the Court regarding when he learned this information.

Finally, for the reasons discussed below, the Court notes that the proposed accounting-

malpractice claim that Lehman seeks to assert against Garfinkle appears, at least on its face, to

be viable, and that Garfinkle would suffer no prejudice from Lehman's alternative pleading of

that claim.  While even a meritorious claim can be barred by a litigant's failure to comply with

an order of the Court, the procedural rules governing the Court's discretionary management of

its docket should be read in a manner consistent with the goal of affording *pro se* litigants a fair

opportunity to present potentially viable claims, and the Court may also consider the absence of

13

prejudice to the defendant as a factor relevant to the Rule 16(b) analysis. *See Kassner v. 2d Ave. Delicatessen, Inc.*, 496 F.3d 229, 243-44 (2d Cir. 2007) (noting that "Rule 16(b), in allowing modifications of scheduling orders only for good cause, provides the district courts discretion to ensure that limits on time to amend pleadings do not result in prejudice or hardship to either side").

For all of these reasons, the Court finds, in its "broad discretion," *id.* at 245, that Lehman's motion to amend should not be barred by Rule 16(b).

**B.     Lehman's Proposed New Claim of Accounting Malpractice**

The Court has previously upheld, under applicable pleading standards, Lehman's attorney-malpractice claim against Garfinkle, and, thus, although Garfinkle again challenges that claim here (*see* Def. Mem., at 6-10), there is no reason for the Court to consider that challenge in the context of Lehman's motion to amend.  Rather, the only remaining question for the Court to consider on Lehman's pending motion is whether allowing him to add the proposed *accounting*-malpractice claim would be futile or would cause Garfinkle undue prejudice.  As set out above, this proposed claim is largely based on Lehman's allegations that, while holding himself out as an accountant, Garfinkle prepared and filed, on Lehman's behalf, a "false" tax return.  (Proposed Am. Compl.,¶ 61.)  Having considered the question of whether these allegations are sufficient to state a claim for relief under the applicable law, this Court concludes that they are, and that the amendment should therefore be allowed.

Garfinkle apparently contends that Lehman's proposed accounting-malpractice claim should be governed by Florida law (*see* Def. Mem., at 8), and, based on the same choice-of-law analysis contained in this Court's Report and Recommendation of October 20, 2010, the Court accepts that any act of malpractice took place in Florida, and that Florida (as opposed to New

14

York) therefore has the greater interest in this dispute, and its law should apply.  (*See* Dkt. 26, at

5-6; *see also Klein v. Talkin, Muccigrosso and Roberts, L.L.P.*, No. 09 Civ. 2630 (LTS) (KNF),

2009 U.S. Dist. LEXIS 118926, at *4-5 (S.D.N.Y. Dec. 3, 2009) (holding that accounting

malpractice claims are generally governed by the law of the jurisdiction where the malpractice

occurred).)

 Under Florida law, an accountant may be held liable in tort for failure to meet the proper

standard of care owed to a client in the performance of services.  To prevail on an accounting-

malpractice claim, a plaintiff must prove: "(1) [the] [e]xistence of a duty on the part of the

defendant to protect the plaintiff from the injury or damage of which he complains[,] (2) [f]ailure

of the defendant to perform that duty[, and] (3) [i]njury or damage to the plaintiff proximately

caused by such failure."  Florida Torts § 63.10 (Matthew Bender & Co. 2013).  An accountant

must exercise, at the very least, the minimum skill and knowledge that accords with the

standards of persons who are qualified by training and experience to provide accounting

services.  *See Dantzler Lumber & Export Co. v. Columbia Casualty Co.*, 156 So. 116, 118-19

(Fla. 1934) (holding that accountants occupy a relation of trust and confidence to their employer

based upon their superior knowledge of accounting principles); *see also Devco Premium Fin.*

*Co. v. North River Ins. Co.*, 450 So. 2d 1216, 1220 (Fla. Dist. Ct. App. 1st Dist. 1984) (citing

*Dantzler*).  To demonstrate the requisite "proximate cause" element of this tort, the plaintiff must

ultimately be able to show "that damages were sustained as a result of reliance by the [plaintiff]

on the negligent representations of the accountant."  *See* Florida Torts § 63.12 (stating that the

causation requirement was implied in *Dantzler* (1934) and *Devco* (1984), and that, although "no

Florida courts have subsequently considered causation issues with respect to accounting

15

malpractice," the causation requirement in an accounting-malpractice action "would probably be interpreted in the same manner as in any other negligence action").

Based on these elements of an accounting-malpractice claim, Plaintiff's proposed Amended Complaint, construed liberally, adequately states such a claim against Garfinkle. Lehman alleges that (1) Garfinkle acted as his "accountant and tax and business advisor," at all times relevant to the instant motion (*see* Proposed Am. Compl., ¶¶ 32(b), 61-64); (2) Garfinkle "intentionally and with the intent to defraud [Lehman]," prepared a "fraudulent tax return" on behalf of Lehman, provided Lehman with erroneous tax advice, and induced Lehman to invest in a real estate venture in which Garfinkle held an interest, all of which was to Lehman's detriment (*see id.* ¶¶ 61-66); and (3) as a result of this alleged misconduct, "[Lehman] has been injured in the sum of $500,000" (*see id.* ¶ 66).

Accordingly, the proposed amendment cannot be said to be "futile."  Nor can Garfinkle be said to be unduly prejudiced by the proposed amendment, given that the operative facts underlying Lehman's accounting-malpractice claim are essentially identical to the facts underlying his legal-malpractice claim, and would give rise to no need for additional discovery. Moreover, this Court has held several conferences with the parties and, based on discussions at those conferences, the Court is confident that Garfinkle has been on notice of Lehman's proposed new claim for some time, and has long understood the alleged basis of that claim.  The amendment will therefore be allowed.

## CONCLUSION

For the reasons set forth above, Lehman's motion to for leave to file the Amended Complaint (Dkt. 37) is granted, to the extent he has sought leave to add an accounting-malpractice claim to his existing claims against Garfinkle for legal malpractice and injunctive relief.  To the extent the proposed Amended Complaint purports to set forth any additional claims, those claims were previously dismissed, and the Court does not grant leave to Lehman to reassert them.  Accordingly, the Amended Complaint is accepted for filing, except that paragraphs 36-59 of that pleading are deemed omitted, as those paragraphs reiterate allegations related solely to previously-dismissed claims.

Dated: New York, New York
       March 7, 2013

                              SO ORDERED

                              _____
                              DEBRA FREEMAN
                              United States Magistrate Judge

Copies to:

Mr. Alan Lehman
127 W. 82nd St., Apt. 8A
New York, NY  10024

Mr. Paul Garfinkle
5629 American Circle
Delray Beach, FL 33484

17