UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

ALAN LEHMAN,

                      Plaintiff,

        -against-

PAUL GARFINKLE,

                      Defendant.

08 Civ. 9385 (SHS)

OPINION AND ORDER

SIDNEY H. STEIN, U.S. District Judge.

**I.  INTRODUCTION**

For about five years, both this Court and Magistrate Judge Debra Freeman have been attempting to administer this case to a conclusion, despite the inaction, repeated neglect of deadlines, and violations of court orders by both sides, culminating in plaintiff's complete failure to respond to the Court's recent order to show cause why the action should not be dismissed with prejudice. The time has come to terminate this litigation.

The Court certainly recognizes that Lehman's *pro se* status entitles him to "special leniency regarding procedural matters." *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). But the Court ultimately concludes that despite "ample opportunity to pursue his case," Lehman has failed to do so. *See Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 178 (2d Cir. 2008) (per curiam). The Court therefore *sua sponte* exercises its inherent authority to dismiss Lehman's claims with prejudice. *See United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250 (2d Cir. 2004); Fed. R. Civ. P. 41(b). In light of the Court's dismissal of Lehman's

claims, the Court declines to exercise jurisdiction over Garfinkle's state-law counterclaim.

## II. BACKGROUND

This action was originally brought by Lehman against Garfinkle and certain other defendants. The other defendants successfully moved to dismiss the complaint against them, and the action resolved itself into a litigation between *pro se* plaintiff Lehman and *pro se* defendant Garfinkle. By November 2011, Judge Freeman noted that Lehman had done "little to prosecute this action" in the preceding twelve months. (Order of M.J. Freeman dated Mar. 7, 2013, Dkt. No. 38, at 6.) In order to move the case forward, Judge Freeman held a case management conference that month with both Lehman and Garfinkle, explained the discovery process, and set various deadlines, including for discovery and for any motions to amend the pleadings. (Dkt. Nos. 29, 30, 33.)

Lehman subsequently sought both an extension of the discovery deadline and an extension of time in which to file an amended complaint, "even though, by that time, the deadline for any motions to amend had passed by nearly three months." (Order of M.J. Freeman dated Sept. 14, 2012, Dkt. No. 33, at 1.)

In September 2012, Judge Freeman held another case management conference, at which the parties explained that "despite the Court's having explained the discovery process to them in November 2011, they had essentially conducted *no* discovery, whatsoever." (*Id.* at 1.) Despite that

fact, "in recognition of the parties' *pro se* status," the Magistrate reopened fact discovery and set new deadlines for its completion. (*Id.* at 1-2.) Also, in consideration of the fact that Lehman was proceeding *pro se*, Judge Freeman gave Lehman "one final opportunity to file a proper motion to amend his complaint," by September 28, 2012. (*Id.* at 3.) Unable to meet that new deadline, and after Judge Freeman granted yet another extension, Lehman filed a motion to amend on October 4, 2012. (*See* Order of M.J. Freeman dated Mar. 7, 2013, Dkt. No. 38, at 7.)

Following additional motion practice, this Court, by order dated April 12, 2013, directed the parties to "inform the Court in writing by April 26, 2013[] whether they require any additional time for discovery" and set May 31, 2013 as the deadline for any motions for summary judgments to be filed. (*See* Order dated Apr. 12, 2013, Dkt. No. 42, at 1.) Each of those deadlines passed without any response from either Lehman or Garfinkle. (*See* Order dated July 30, 2013, Dkt. No. 43.)

In light of the fact that the parties had neither filed motions for summary judgment nor requested additional time for discovery, in an order dated July 30, 2013, the Court set a trial date of December 2, 2013. (*See id.*) The Court also ordered that the parties submit a joint pretrial order in conformity with the Court's individual practice rules, as well as any proposed jury charges and any proposed jury *voir dire*, on or before September 9, 2013. Given the history of this litigation, the Court notified the parties in that Order that "[f]ailure to do so will result in sanctions,

3

including the possibility of a judgment of dismissal of all claims and counterclaims, with prejudice." (*Id.*)

Neither party complied with the Court's July 30 order in any respect. As a result, on September 24, 2013, the Court ordered the parties to show cause by October 4, 2013 why the Court should not dismiss all claims and counterclaims, with prejudice. (*See* Order dated Sept. 24, 2013, Dkt. No. 44.) To date, the Court has received no response whatsoever from Lehman, although it did receive a request from Garfinkle to stay the action for an indefinite period.

### III. LEHMAN'S CLAIMS SHOULD BE DISMISSED WITH PREJUDICE

To determine whether a dismissal with prejudice pursuant to Rule 41(b) is warranted, courts consider five factors, namely whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant [is] likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion [outweighs] plaintiff's right to an opportunity for a day in court; and (5) . . . lesser sanctions [would be effective].

*See Ruzsa*, 520 F.3d at 177 (quoting *Drake*, 375 F.3d at 254). "No one factor is dispositive." *See Drake*, 375 F.3d at 254. Although *pro se* litigants are afforded "special leniency regarding procedural matters," *see LeSane*, 239 F.3d at 209, under appropriate circumstances, even *pro se* plaintiffs' actions may be dismissed for failure to prosecute, *see Ruzsa*, 520 F.3d at 177.

The Court now turns to each of the five relevant factors:

### A. The Duration of Plaintiff's Failure to Prosecute

"Evaluation of the first factor consists of two related inquiries: first, whether 'the failures were those of the plaintiff,' and second, whether the 'failures were of significant duration.'" *See Kent v. Scamardella*, No. 07 Civ. 844(SHS), 2007 WL 3085438, at *2 (S.D.N.Y. Oct. 18, 2007) (quoting *Spencer v. Doe*, 139 F.3d 107, 113 (2d Cir. 1998)).

There is little question that the delays in this action are largely attributable to Lehman and have been of considerable length. *See, e.g.*, *Drake*, 375 F.3d at 255 (noting that "delays supporting dismissals have ranged from a matter of months to a period of years"). As Judge Freeman noted earlier this year, between November 2010 and November 2011, "Lehman apparently" did "little" — if anything — "to prosecute this action." (Order of M.J. Freeman dated Mar. 7, 2013, Dkt. No. 38, at 6.) He later failed to amend his complaint in a timely fashion, missing a February 29, 2012 deadline without "good cause," and again missing an extended deadline to amend. (*See* Order of M.J. Freeman dated Sept. 14, 2012, Dkt. No. 33, at 1.)

Though the Court has repeatedly extended the deadlines for the close of discovery, there is no indication in this record that Lehman has in fact conducted *any* discovery at all. Most recently, Lehman has failed both to comply with the Court's July 30 order regarding pretrial submissions as well as the September 24 order to show cause. In the context of the repeated delays over the past three years, the Court concludes that the procedural history of this action as a whole demonstrates Lehman's own

5

significant and repeated failure to prosecute this action and to comply with the orders of this Court and those of the Magistrate Judge.

### B. Notice that Further Delays Would Result in Dismissal

As noted above, the Court advised Lehman that failure to comply with the Court's July 30, 2013 order by September 9, 2013 "*will* result in sanctions, including the possibility of a judgment of dismissal of all claims and counterclaims, with prejudice." (Dkt. No. 43 (emphasis added).) This Court's September 24, 2013 order to show cause, which quoted the July 30 order in full, again put Lehman on notice that sanctions would be imposed, including the possibility of a dismissal with prejudice. (*See* Dkt. No. 44.) Lehman therefore has most certainly "received notice that further delays would result in dismissal." *See Drake*, 375 F.3d at 255.

### C. Prejudice from Further Delay

"[B]ecause the events giving rise to this litigation" occurred at least six years ago, "further delay" may prejudice Garfinkle's ability to prepare a defense. *See Ruzsa*, 520 F.3d at 178. Given Garfinkle's own failures at times to comply with this Court's orders and to participate in the discovery process, this factor is either neutral or weighs only slightly in favor of dismissal.

### D. Court Calendar Congestion and Plaintiff's Right to Due Process

As a result of Lehman's repeated failures to meet deadlines and to prosecute his case, both this Court and Magistrate Judge Freeman have repeatedly expended judicial resources over the past nearly five years to hold case management conferences and issue orders, repeatedly extending

6

deadlines, and allowing the parties additional opportunities to comply with court orders. Because both parties are *pro se* litigants, this is not unusual. Considering Lehman's "right to due process and a fair chance to be heard," the Court finds that the fourth factor neither favors nor militates against dismissal. *See Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195-96 (2d Cir. 1999).

### E. The Efficacy of Lesser Sanctions

Throughout this litigation, this Court and the Magistrate Judge have repeatedly extended deadlines, even when Lehman has failed to show good cause for his defaults. (*See, e.g.*, Order of M.J. Freeman dated Sept. 14, 2012, Dkt. No. 33, at 1.) Lehman has still not responded to this Court's September 24 order to show cause, making it unclear how any sanction short of dismissal with prejudice would prove effective. Moreover, the Court notes that Lehman has also failed to prosecute a totally separate action he filed in this district, also leading to a dismissal, albeit without prejudice. *See Lehman v. Essential Envtl. Prods. Int'l*, No. 09 Civ. 918 (HB) (S.D.N.Y. Oct. 5, 2009) (Dkt. No. 7). "[T]aking into consideration the full history of this action," and Lehman's record of non-compliance with deadlines set by another judge in this district, the Court finds that no sanction short of dismissal with prejudice would prove effective. *See Kent*, 2007 WL 3085438, at *3.

The Court finds that, on balance, the five factors weigh in favor of dismissal; the Court thus dismisses Lehman's claims with prejudice. *See* Fed. R. Civ. P. 41(b).

### IV. DISMISSAL OF GARFINKLE'S CLAIMS WITHOUT PREJUDICE

Unlike Lehman, Garfinkle responded to the Court's September 24 order to show cause. In a letter dated October 4, 2013, Garfinkle explains that "severe memory loss" has made him "unable to confer with" Lehman "with reference to the matters set forth in" the July 30 Order. (Def.'s Answer on Order to Show Cause, Dkt. No. 45, at 1-2.) Garfinkle does not, however, support that statement with any medical evidence or even a letter from a doctor. He requests that the Court "remove the instant action from the active trial docket until such time as it is determined whether" he "is well enough to . . . handle the litigation which this case would necessarily entail." (*Id.* at 2.)

The Court denies Garfinkle's request to stay this action indefinitely. Garfinkle's only counterclaim is a state-law contract claim arising from Lehman's alleged failure to pay Garfinkle $3,750 for preparing Lehman's 2007 federal tax return. (Answer & Countercl., Dkt. No. 41, at 6.) This Court only has jurisdiction over such a state-law claim, were it standing alone, if there were diversity of citizenship among the parties and the "matter in controversy exceeds the sum or value of $75,000." *See* 28 U.S.C. § 1332(a). Garfinkle's counterclaim fails to meet the amount-in-controversy requirement.

Here, the only jurisdictional basis for Garfinkle's counterclaim is the supplemental jurisdiction statute, 28 U.S.C. § 1367(a), *see Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 212 (2d Cir. 2004), which provides that a district court "may decline to exercise supplemental jurisdiction over a

claim" if "the district court has dismissed all claims over which it has original jurisdiction," 28 U.S.C. § 1367(c)(3).

Having dismissed Lehman's claims, the Court declines to exercise jurisdiction over Garfinkle's state-law counterclaim. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *Tops Markets, Inc. v. Quality Markets, Inc.*, 142 F.3d 90, 103 (2d Cir. 1998). Garfinkle's counterclaim is therefore dismissed without prejudice.

## V. CONCLUSION

For the foregoing reasons, Lehman's claims are dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for plaintiff's failure to prosecute. Garfinkle's counterclaim is dismissed without prejudice. *See* 28 U.S.C. § 1367(c).

Dated: New York, New York
       October 16, 2013

SO ORDERED:

*/s/ Sidney H. Stein/*

Sidney H. Stein, U.S.D.J.